## SUPREME COURT.

### MARQUISEE agt. BRIGHAM and CRANDALL.

Where judgment is ordered for the plaintiff by reason of the *frivolousness* of the answer, by a judge of the supreme court at chambers, leave should not be given to the defendant to amend his answer or to interpose a new one; but he should be put to his motion at a special term for such leave.

The order, however, may be without prejudice to the right of the defendant to make a motion at a special term for leave to answer, or to amend his answer.

In such a case the defendant should prepare his answer, or amended answer, and offer it to the plaintiff's attorney. If he declines to receive it, the defendant should embody his proposed answer in his moving papers, so that the court may see what it is, and know that it contains a good or meritorious defence to the action.

An application for judgment to a judge at chambers is not a trial of an issue of law. It is a motion, and only $10 costs can be allowed on such application.

*At Chambers, Binghamton, March, 1856.*

BARRETT & RICHARDS, *for plaintiff.*
F. A. DURKEE, *for defendant Crandall.*

BALCOM, Justice.    This is an action on a promissory note, against Brigham as maker and Crandall as endorser.    Judgment has been entered against the former, but the latter has answered.    The plaintiff, upon a previous notice of five days, now applies to me, under § 247 of the Code, for judgment against Crandall, on the ground that his answer is frivolous. The answer is frivolous, and judgment is ordered accordingly, with ten dollars costs of the motion.    Ten dollars is all the costs the plaintiff is entitled to on this application for judgment.    It is not a trial of an issue of law.    (*Roberts* agt. *Clark*, 10 *How. Prac. Reps.* 451; *Rochester City Bank* agt. *Rapelje*, 12 *id.*, 26.)

The defendant Crandall now asks for leave to amend his answer, or to put in a new one to the complaint.    The plaintiff's attorneys object thereto, on the ground that I have no power to grant such leave on the plaintiff's application for judgment at chambers; and they insist that Crandall should be put to his motion at a special term on affidavits for such leave, so the plaintiff can oppose the motion on affidavits.    If I have authority on this application at chambers to allow Crandall to amend his answer, or to put in a new one, which is very questionable, I am of the opinion I ought not to exercise it.    Before Crandall should have leave to put in a new answer or an amended one, he should prepare it, and offer it to the plaintiff's attorneys ; and if they shall decline to receive it, he must then make his motion at a special term for leave to amend his answer; or for leave to answer under § 174 of the Code.    And he should embody, in his moving papers, the proposed answer, or amended answer, so the court may see what it is, and know that it contains a good or meritorious defence to the action. The order for judgment, however, may be without prejudice to the right of Crandall to move, at a special term, for leave to amend his answer, or to interpose a new one.

Order accordingly. (*See Tompkins* agt. *Acer*, 10 *Pr. Reps.* 309.)